**Jaswinderpal Singh SANDHU, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71592.

Agency No. A77–374–641.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 23, 2004.

Robert B. Jobe, Law Office of Robert B. Jobe, San Francisco, CA, for Petitioner.

Sarnata Reynolds, Law Office of Robert B. Jobe, San Francisco, CA, Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Linda S. Wendtland, Alison Marie

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Igoe, Luis E. Perez, U.S. Department of Justice, Washington, DC, for Respondent.

Before PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

MEMORANDUM**

Jaswinderpal Singh Sandhu, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *Malhi v. INS*, 336 F.3d 989, 992–93 (9th Cir.2003). We deny the petition for review.

■ Substantial evidence supports the IJ's decision. Sandhu's testimony was internally inconsistent regarding where he was taken, the number of times he was beaten, and when he saw his friend Roomi during the first incident with police. Sandhu also omitted key testimony on cross examination regarding his speech at a protest, and gave insufficient testimony about the Akali Dal Mann party and his participation in critical campaigns and elections. *See Singh v. Ashcroft*, 367 F.3d 1139, 1141–43 (9th Cir.2004) (upholding credibility finding based on inconsistent testimony, lack of knowledge regarding the Akali Dal Mann party, and lack of participation in elections); *Singh–Kaur v. INS*, 183 F.3d 1147, 1151–53 (9th Cir.1999). Finally, substantial evidence supports the adverse

credibility finding based on Sandhu's identity and demeanor. *See id.; Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) (upholding adverse credibility finding where the IJ's "credibility findings went to key elements of the asylum application, including identity ...").

■ Because Sandhu failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Fisher v. INS*, 79 F.3d 955, 960–61 (9th Cir.1996) (en banc).

■ As Sandhu "points to no other evidence that he could claim the [IJ] should have considered in making [her] determination under the Convention Against Torture," his CAT claim must fail along with his asylum claim. *See Farah*, 348 F.3d at 1157.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.